WO                                                                                           MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Greg Robbins, | No. CV 18-02343-PHX-MTL (DMF) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Greg Robbins, who is currently confined in the Arizona State Prison Complex-Lewis, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 109.)

The Court will stay a ruling on the Motion for Preliminary Injunction and order additional briefing.

**I.    Background**

On July 1, 2019, Plaintiff had total knee replacement surgery; Plaintiff subsequently filed a Motion for Preliminary Injunction, in which he stated he was not receiving medical ice to keep down the swelling or physical therapy. (Doc. 69.) In a December 23, 2019 Order, the Court denied the motion for injunctive relief because the records produced showed that Plaintiff had received medical ice and physical therapy. (Doc. 108.) On January 6, 2020, Plaintiff filed a Motion for Reconsideration of the December 23, 2019 Order. (Doc. 109.) In a January 15, 2020 Order, the Court denied Plaintiff's Motion for Reconsideration because Plaintiff's Motion did not address the issues of medical ice or

physical therapy, which were the basis of Plaintiff's request for injunctive relief. (Doc. 111.) However, in his Motion for Reconsideration, Plaintiff did request an order requiring Defendants to send him to a knee specialist for his ongoing knee issues, and the Court construed that request as a new Motion for Preliminary Injunction and ordered additional briefing. (*Id*.)

**II.     Motion for Preliminary Injunction**

In his pending Motion for Preliminary Injunction, Plaintiff states that "something is seriously wrong with [his] knee," it is swollen and he cannot fully straighten it, he cannot walk or stand without level 10 pain, the left side "burns like it is on fire," and he is in a wheelchair. (Doc. 109 at 2-3.)

In their Response filed on January 29, 2020, Defendants Ryan and Shinn assert that Plaintiff had an appointment scheduled for the first week of February 2020 with the specialist who performed Plaintiff's knee surgery. (Doc. 112 at 3.)

In his supplemental Reply filed on February 12, 2020, Plaintiff states that on February 7, 2020, he saw the surgeon, who took x-rays and "explained that the left knee bone had collapsed under the hardware." (Doc. 116 at 4.) Plaintiff does not say what this means or if the surgeon recommended any further knee treatment. Plaintiff also states that the surgeon sent a test kit with Plaintiff for Centurion, the prison healthcare provider, to check for infection, but as of February 11, 2020, Centurion had "not tested Plaintiff's knee with the infection kit[.]" (*Id*.) Plaintiff further asserts that "to this day, [he] sits with a broken knee—in level 10 pain" and neither Centurion nor Shinn have done anything to get his knee repaired. (*Id*.) Plaintiff also contends that he is not receiving his pain medication, Gabapentin, three times daily as prescribed. (*Id*. at 6-7.) Instead, he receives it twice daily and two nurse practitioners decided to conduct an experiment with Plaintiff's Gabapentin and crush it in water, which interferes with time-delay release of the drug and leaves Plaintiff without any pain relief after two hours. (*Id*.)

Plaintiff raises new issues in his supplemental Reply that must be addressed before the Court can rule on Plaintiff's Motion for Preliminary Injunction. The Court will

therefore direct Defendants to supplement their Response with the medical records from Plaintiff's February 7, 2020 visit with the specialist and records of any other care or treatment Plaintiff has received for his knee since then, including any reports or recommendations from the specialist. Defendants must also address Plaintiff's evidence that he is not receiving his Gabapentin as prescribed.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 109), and a ruling on the Motion is **stayed** pending further briefing.

(2) Within **10 days** of the date of this Order, Defendants must file a supplemental brief with the medical records from Plaintiff's February 7, 2020 appointment with the specialist, including any reports or recommendations from the specialist, as well as records of any other care or treatment Plaintiff has received for his knee since then. Defendants must also address Plaintiff's contentions regarding his pain medication.

(3) Within **10 days** after receipt of Defendants' supplemental brief, Plaintiff may file a supplemental reply.

(4) All other matters **must remain** with the Magistrate Judge for disposition as appropriate.

Dated this 11th day of March, 2020.

Michael T. Liburdi
United States District Judge